**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Janice L Roork,<br>Plaintiff,<br>v.<br>Kathryn Ptak, et al.,<br>Defendants. | No. CV-26-07900-PHX-DWL<br>**ORDER** |

On October 27, 2026, pro se Plaintiff initiated this action by filing the complaint and filing fee (Doc. 1), a motion for a temporary restraining order ("TRO") and preliminary injunction (Doc. 2), an emergency motion to expedite case-opening review and set prompt hearing (Doc. 3), a motion to affirm and enforce certain documents under Delaware law (Doc. 4), and two motions to seal (Docs. 5, 7).

Plaintiff alleges that she is the grandmother of minor children, that she has provided on-and-off care for her grandchildren, and that in October 2024, after she "objected to medication and safety practices, the parents cut off or sharply restricted [her] access." (Doc. 1 at 10-11.) The complaint asserts three federal claims against all defendants: (1) a claim under 42 U.S.C § 1983 for procedural due process and access to court; (2) a claim under § 1983 for substantive due process, bodily integrity, family integrity, and narrow tailoring; and (3) a claim under § 1983 for petition, truthful speech, and unconstitutional conditions. (*Id.* at 26-29.) The complaint also asserts various state-law claims as well as a federal constitutional claim asserted "against the parents" only

(Count V), apparently brought under the Full Faith and Credit Clause. (*Id.* at 29-32.)

For reasons that are not entirely clear, Plaintiff then unsuccessfully sought relief in the Delaware courts. (Doc. 4.) In her motion for injunctive relief, Plaintiff "request[s] sibling placement with me through a peaceful private handoff and observed sign-off at either parent's home, the grandparents' home, or a provider-recommended site." (Doc. 2 at 2.) Plaintiff also seeks an injunction "[r]estrain[ing] the parents from sharing medication or obtaining, increasing, restarting, adding, or administering psychotropic medication without a lawful child-specific prescription and medical direction." (*Id.* at 3.)

On this record, Plaintiff is not entitled to TRO or preliminary injunction. To obtain either form of relief, Plaintiff must establish a likelihood of success on the merits or at least serious questions going to the merits. However, in her motion, Plaintiff makes no effort to establish a likelihood of success on any claim or serious questions going to the merits of any claim. (Doc. 2.) In fact, Plaintiff's motion does not mention her claims at all, let alone identify their elements or explain how the evidence supports them.

"Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020). "The determination of whether a nominally private person," such as Defendants Rachel Marie Roork Nordmeier and Andrew Bud Nordmeier, the parents of the minor children in this action ("the Parents"), act under color of state law "is a matter of normative judgment" and comes down to "whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 747-48. There is nothing to suggest that the Parents were acting under color of state law, and therefore the § 1983 claims fail as to them. The remaining federal claim against the Parents is not a valid claim because there is no private cause of action under the Full Faith and Credit Clause of the U.S. Constitution. *Thompson v. Thompson*, 484 U.S. 174, 182 (1988) ("[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of

action.”).

As for the remaining two defendants, Kathryn Ptak in her official capacity as the Director of the Arizona Department of Child Safety and Kris Mayes in her official capacity as the Attorney General of Arizona, the complaint contains no allegations of wrongdoing regarding these Defendants.

Furthermore, it is clear that Plaintiff has no constitutional claim. “[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.” *Troxel v. Granville*, 530 U.S. 57, 66 (2000). “[S]o long as a parent adequately cares for his or her children (*i.e.,* is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent’s children.” *Id.* at 68-69. As such, “the decision whether . . . an intergenerational relationship would be beneficial in any specific case is for the parent to make in the first instance.” *Id.* at 70.

“While there is no question that *parents* have a constitutionally protected liberty interest in making decisions about the care, custody, and control of their children,” that right does not extend “to *grandparents.*” *Miller v. California*, 355 F.3d 1172, 1175 (9th Cir. 2004). Indeed, “a grandparent’s interest in visiting grandchildren may conflict with a biological parent’s right to make decisions about the child.” *Id.* at 1176. Even if a grandparent qualifies as a “de facto” parent under state law,[1] that does not “create a liberty interest in contact with the children.” *Id.*[2]

“Arizona law authorizes ‘a person other than a legal parent’—including grandparents—to petition for visitation with a child.” *Borja v. Borja*, 522 P.3d 699, 703

[1] The Court does not make any finding as to whether Plaintiff so qualifies and does not comment on whether such a doctrine exists under Arizona law. *Cf. Egan v. Fridlund-Horne*, 211 P.3d 1213, 1221 (Ariz. Ct. App. 2009) (“Arizona has not adopted the de facto parent doctrine or any similar common law doctrine.”).

[2] “[T]he burden of litigating a domestic relations proceeding can itself be so disruptive of the parent-child relationship that the constitutional right of a custodial parent to make certain basic determinations for the child’s welfare becomes implicated.” *Troxel*, 530 U.S. at 75 (cleaned up).

(Ariz. Ct. App. 2022) (citing A.R.S. § 25-409). *See also Douros v. Morse*, 560 P.3d 372, 376 (Ariz. Ct. App. 2024) ("[A]lthough a court in this context may override a fit, legal parent's opinion of what is in her child's best interests, such a ruling must first demonstrate why the court's conclusion overcomes such deference to the parent's opinion. Any time the court enters a third-party visitation order over the objection of a fit parent, the court subverts the parent's constitutional right in favor of an individual that—no matter the personal connection with the child—has no constitutional right to parent the child."). Furthermore, Arizona law provides that "[a]ny person or agency that has a legitimate interest in the welfare of a child, including a relative, a foster parent, a physician, the department or a private licensed child welfare agency, may file a petition for the termination of the parent-child relationship alleging [statutorily specified] grounds." A.R.S. § 8-533(A). These are matters of state law over which this Court has no jurisdiction.

All of the federal claims are subject to dismissal and cannot be remedied by amendment. The Court is disinclined to exercise supplemental jurisdiction over the state-law claims. The Court therefore intends to dismiss this action sua sponte. However, before doing so, the Court will give Plaintiff an opportunity to respond. "Although a trial court may dismiss a claim sua sponte under Rule 12(b)(6), the court must give notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Even if a court does first provide proper notice, . . . a *sua sponte* dismissal without leave to amend [will be upheld] only where the plaintiff cannot possibly win relief." *Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (cleaned up). *See also Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) ("[T]he district court was required to provide Ho with notice and an opportunity to be heard before sua sponte declining to exercise supplemental jurisdiction and dismissing his state law claim.").

As for Plaintiff's emergency motion to expedite case-opening review and set prompt hearing (Doc. 3), that request is granted to the extent this order gives expedited treatment to her other motions.

As for Plaintiff's motion to affirm and enforce certain documents under Delaware law (Doc. 4), that motion is denied without prejudice, as the motion is difficult to follow and the Court cannot discern exactly what Plaintiff is asking the Court to do or why the Court has the authority to do so.

Finally, because Plaintiff's sealing requests (Docs. 5, 7) cover documents that seem to include references to medical condition of minor non-parties, they are granted.

Accordingly,

**IT IS ORDERED** that:

1. The motion for a temporary restraining order and preliminary injunction (Doc. 2) is **denied**.
2. The emergency motion to expedite case-opening review and set prompt hearing (Doc. 3) is **granted** to the extent this order provided expedited review.
3. The motion to affirm and enforce certain documents under Delaware law (Doc. 4) is **denied without prejudice**.
4. The motions to seal (Docs. 5, 7) are **granted**. The Clerk shall filed, under seal, the documents lodged at Docs. 6 and 8.
5. Plaintiff may file an objection to dismissal by **November 20, 2026**.
6. If Plaintiff fails to file an objection to dismissal by November 20, 2026, the complaint will be dismissed without leave to amend and this case will be closed.

Dated this 30th day of October, 2026.

Dominic W. Lanza
United States District Judge